**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CORI L. WOODEN,** | ) | **CASE NO. 1:19 CV 1322** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **ARMOND BUDISH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Cori Wooden is incarcerated at the Cuyahoga County Jail and brings this action pursuant to 42 U.S.C. § 1983 against defendants County Executive Armond Budish, Sheriff Clifford Pinkney and Warden Eric Ivey regarding conditions at the Cuyahoga County Jail. (Doc. #: 1).

Plaintiff alleges that at the Jail he is exposed to mold in the showers, asbestos from the HVAC system, lead in the water, dirty food trays, lack of recreation, no law library, leaky ceilings, thin mattresses, and limitations with respect to medical care, religious services, and contact with family and legal counsel. Plaintiff asks this Court for immediate release and fair compensation for the cruel and unusual punishment endured as a result of the above-described Jail conditions. (*Id*. at 3-5).

For the reasons that follow, this case is dismissed.

**A. Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

Plaintiff's complaint must be dismissed under § 1915(e) for failure to state a claim upon which relief may be granted. Plaintiff does not set forth allegations specifically connecting any Defendant to the claimed unconstitutional conditions, and it is well-established that supervisory officials cannot be liable under § 1983 solely on the basis of respondeat superior. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff cannot establish liability on the part of any Defendant for claimed constitutional violations absent allegations showing that each Defendant was personally involved in the conduct which forms the basis of the claims. "Because vicarious liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the Complaint, the Complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

Accordingly, Plaintiff fails to state a plausible § 1983 claim against any of the Defendants, and this action is dismissed pursuant to § 1915(e)(2)(B).

## C. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

s/ *Dan Aaron Polster*     12/30/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.